UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE F., | Case No. 2:22-cv-02139-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket Nos. 11, 13] |
| KILOLO KIJAKAZI, | |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title XVI of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and Remand. Docket No. 11. The Commissioner filed a response in opposition and a cross-motion to affirm. Docket Nos. 13-14.[1] No reply was filed. The parties consented to resolution of this matter by the undersigned magistrate judge. *See* Docket No. 6.

**I.   STANDARDS**

   A.   Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses

---

[1] This motion practice was abolished by the Supplemental Rules for Social Security, which now require the filing of an opening brief, a responsive brief, and a reply brief. *See* Supp. R. for Soc. Sec. 6, 7, 8. Counsel must familiarize themselves with these new rules moving forward.

whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).[2] The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

B.  Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. ___, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

**II. BACKGROUND**

A.  Procedural History

On February 26, 2020, Plaintiff filed an application for disability insurance benefits with an alleged onset date of April 1, 2017. *See, e.g.*, Administrative Record ("A.R.") 298-304. On

---

[2] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

June 29, 2020, Plaintiff's application was denied initially. A.R. 193-96. On February 4, 2021, Plaintiff's claim was denied on reconsideration. A.R. 200-01. On February 17, 2021, Plaintiff filed a request for a hearing before an administrative law judge. A.R. 202-04. On September 22, 2021, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Barry Jenkins. *See* A.R. 108-40. On October 29, 2021, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability through the date of the decision. A.R. 17-38. Plaintiff submitted additional records to the Appeals Council. A.R. 39-107. On November 2, 2022, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-7.

On December 23, 2022, Plaintiff commenced this suit for judicial review. Docket No. 1.

B.   The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. A.R. 21-32. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. A.R. 22. At step two, the ALJ found that Plaintiff has the following severe impairments: depression; anxiety; seizure disorder; lumbar and cervical spine disorders; and obesity. A.R. 22-23. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 23-25. The ALJ found that Plaintiff has the residual functional capacity to

> perform light work as defined in 20 CFR 416.967(b) except that the claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; limited to occasional overhead reaching bilaterally; must avoid even moderate exposure to hazards such as hazardous machinery, unprotected heights, and operational control of moving machinery; she is limited to unskilled occupations with no production rate pace of work; only occasional interaction with supervisors and coworkers, and no interaction with the public.

A.R. 25-30. At step four, the ALJ found Plaintiff not capable of performing past relevant work. A.R. 30. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and residual functional capacity. A.R. 30-31. In doing so, the ALJ defined Plaintiff as a younger individual aged 18-49

3

as of the date the application was filed, with at least a high school education.  A.R. 30.  The ALJ found the transferability of job skills to be immaterial.  A.R. 30.  The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a mail room clerk, a routine clerk, an office helper, a vine pruner, a flower picker, and a bakery racker.  A.R. 30-31.

Based on all of these findings, the ALJ found Plaintiff not disabled since the date the application was filed.  A.R. 31.

### III.   ANALYSIS

Plaintiff argues on appeal that the ALJ erred by not incorporating the findings of Dr. Mark Short into the RFC.  In particular, Plaintiff argues that the ALJ did not properly account for findings that Plaintiff characterizes as showing that she has difficulty responding to work pressure, as well as her need for highly structured work.  Docket No. 11 at 7-8.  The Commissioner counters that the limitations crafted by the ALJ were functionally equivalent to those identified by Dr. Short, Docket No. 13 at 5-6, and that substantial evidence supports the RFC, *id.* at 6-8.

"[R]esidual functional capacity is the most [Plaintiff] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1).  The RFC determination considers all medically determinable impairments, including those that are not severe.  *Id.* at § 416.945(a).  The RFC assessment must consider all evidence in the record and "[c]ontain a thorough discussion of the objective medical and other evidence . . ." *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (quoting Social Security Ruling 96-8p, 61 Fed. Reg 34474, 34478 (July 2, 1996)).  "The RFC is an administrative assessment of the extent to which an individual's medically determinable impairments … may affect his or her capacity to do work-related physical and mental activities."  *Id.* (quoting SSR 96-8p, 61 Fed. Reg at 34475).  "[A]t the administrative law judge hearing level … the administrative law judge … is responsible for assessing [Plaintiff's] residual functional capacity."  20 C.F.R. § 416.946(c).  The residual functional capacity determination need not copy the exact opinion of any particular doctor; rather, "the ALJ is responsible for translating and incorporating clinical findings into a succinct" residual functional capacity.  *Rounds v. Commissioner*, 807 F.3d 996, 1005-06

(9th Cir. 2015); *see also Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity"). An ALJ's RFC assessment may sufficiently account for a physician's opinion regarding limitations without using the same language as the physician. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008). The existence of severe mental health conditions that create moderate functional impairment does not necessarily require that the ALJ include in the RFC specific mental limitations. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007); *see also Bray v. Astrue*, 554 F.3d 1219, 1228-29 (9th Cir. 2009).

In a social security appeal, it is the Plaintiff's burden to establish both the existence of error below and the harmfulness of that error. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). That burden is not met with bald assertions of error. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (rejecting social security claimant's undeveloped argument of ALJ error). Plaintiff's motion here is not well developed.[3, 4] The "argument" section of the motion is five pages in length, two pages of which consist of block quotations from Dr. Short's opinion. Docket No. 11 at 5-9. Plaintiff's argument is essentially that Dr. Short made two statements that require corresponding functional limitations and that the ALJ failed to incorporate those limitations in the RFC. Plaintiff's motion fails to include meaningfully developed argument as to either issue for either statement, however, which dooms this appeal. *Cf. Burkett v. Saul*, 806 Fed. Appx. 509, 512 (9th Cir. 2020) ("Burkett devotes a significant portion of her brief summarizing various medical findings and summarily concludes both that this evidence is consistent with the opinions of van Dam, Kraft, and Nixon and that it is consistent with her testimony. In the main, these putative 'arguments' are presented without specificity and therefore are forfeited").

Moreover, the record on its face casts doubt on Plaintiff's bald positions. With respect to Dr. Short's first statement, he did not opine that Plaintiff had difficulty responding to work stress

---

[3] Plaintiff did not file a reply.

[4] The Commissioner's briefing is not much better. *See* Docket No. 13. Nonetheless, it is Plaintiff's burden, so the Court focuses herein on Plaintiff's showing (or lack thereof).

in general. Instead, Dr. Short made a more specific statement that Plaintiff "would have moderate to significant difficulty responding appropriately to work pressure <u>in a work setting in coordination with and in close proximity to others</u> without conflict, distress, confusion, or distraction based solely on her mental status today." A.R. 1096 (emphasis added); *see also* A.R. 1097.[5] The ALJ discussed this finding of Dr. Short. A.R. 29. The ALJ imposed related restrictions in the RFC, including that Plaintiff could have "only occasional interaction with supervisors and coworkers, and no interaction with the public." A.R. 25. Plaintiff provides no meaningfully developed argument that (1) Dr. Short opined that Plaintiff had a "work pressure" impairment separate and apart from the interaction-related impairment and (2) the ALJ did not appropriately account for Dr. Short's statement in formulating the RFC with limitations on interacting with others.[6] Hence, the Court cannot find error.

Plaintiff similarly fails to establish a basis for relief as to Dr. Short's statement regarding structured, time-limited tasks. Dr. Short did not opine that Plaintiff could only engage in highly structured, time-limited tasks. Instead, he found that Plaintiff could "perform relatively well" in that context, but that "*this performance* would not generalize to less structured, more open-ended settings such as employment." A.R. 1096 (emphasis added). Plaintiff does not explain why a statement that Plaintiff may not perform "relatively well" in less structured settings necessitates a limitation to working in structured settings. Plaintiff also does not explain in meaningful fashion why the RFC that was developed by the ALJ does not account for her limitations. Dr. Short found

---

[5] While Plaintiff includes Dr. Short's full statement in the block quotation, she skips over this modifying language with an ellipsis in providing the conclusory argument included in the motion. Docket No. 11 at 7.

[6] Plaintiff provides a string citation to case law with parentheticals, but those cases involve opinions regarding generalized difficulty handling work pressure. *See Bagby v. Comm'r of Soc. Sec.*, 606 Fed. Appx. 888, 890 (9th Cir. 2015) (addressing "Dr. Stuckey's finding that Bagby faced moderate limitations in her ability to '[r]espond appropriately to usual work situations and to changes in a routine work setting'"); *Corrales v. Kijakazi*, 2022 WL 2292065, at *6 (E.D. Cal. June 24, 2022) (addressing "the assessment that Plaintiff had a moderate impairment in her capacity to cope with workplace stress or changes in the routine work setting"); *John S. v. Saul*, 2020 WL 5880462, at *3 (C.D. Cal. Oct. 2, 2020) (addressing opinion that the claimant had a "moderate impairment in his capacity . . . to adapt to changes and stresses in a workplace setting"). As noted above, this case does not involve such a generalized finding, but rather Dr. Short's statement is specific to working in coordination with or in close proximity to others, A.R. 1096, and the ALJ included a corresponding limitation in the RFC, A.R. 25.

that Plaintiff would be "moderately impaired" in this respect. A.R. 1096. Dr. Short also found that Plaintiff "could probably understand and remember simple but not detailed instructions and could carry out simple but not detailed tasks without special supervision." A.R. 1095-96. The ALJ discussed these findings of Dr. Short. A.R. 29.[7] The ALJ imposed restrictions in the RFC, including that Plaintiff was "limited to unskilled occupations with no production rate pace of work." A.R. 25. Plaintiff fails to provide meaningfully developed argument as to how the RFC does not sufficiently encompass Dr. Short's findings.

In short, Plaintiff cannot prevail on this appeal because she has not established error. Plaintiff also fails to meaningfully develop an argument on the harmfulness of any error in the wording chosen by the ALJ in formulating the RFC, instead stating in a single sentence without elaboration that the error was consequential to the disability determination because the record does not support that Plaintiff can perform the alterative work identified with the additional limitations. Docket No. 11 at 9. It is Plaintiff's burden to establish harmful error. *E.g.*, *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). Baldly parroting legal standards is not sufficient to meet that burden. *Cf. Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003); *Hilao v. Estate of Marcos*, 3013 F.3d 767, 778 n.4 (9th Cir. 1996).

## IV.  CONCLUSION

For the reasons discussed more fully above, the Court **DENIES** the motion for reversal and remand (Docket No. 11) and **GRANTS** the countermotion to affirm (Docket No. 13). The decision below is **AFFIRMED**. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: December 12, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[7] Plaintiff's suggestion that the ALJ "simply ignore[d] this portion of Dr. Short's opinion" is belied by the record. Docket No. 11 at 8.